**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------------x
WILLIAM B. SAWCH,                   :
                                    :
                Plaintiff,          :
                                    :     Civil Action No.
v.                                  :     3:11CV1359 (AWT)
                                    :
LIFE TECHNOLOGIES CORPORATION,      :
                                    :
                Defendant.          :
------------------------------------x
```

### ORDER RE MOTION TO DISMISS

For the reasons set forth below, the defendant's motion to dismiss is being granted. This case is being dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).

### Legal Standard

In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, "[t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001) (internal quotation marks and citation omitted). Furthermore, "[t]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff," who has "the burden of showing that venue in the forum is proper." Id. If the venue is not proper, the district court "shall dismiss, or if it be in the interest of

1

justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

## Discussion

In deciding whether an action should be dismissed based on a forum selection clause, the Second Circuit has used a four-part analysis.

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement.  See, e.g., D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006). The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. See John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imps. & Distribs. Inc., 22 F.3d 51, 53 (2d Cir. 1994). Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.  See, e.g., Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1358-61 (2d Cir. 1993).
> If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.  See id. at 1362-63. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that ''enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.''  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct.
> 1907, 32 L.Ed.2d 513 (1972) (establishing federal standard relating to enforcement of forum clauses applicable in admiralty and international transactions); see Bense v. Interstate Battery Sys. of Am., Inc., 683 F.2d 718, 721 (2d Cir. 1982) (applying Bremen standard to contractual dispute between domestic parties in non-admiralty context).

Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007).

As to the first step in the analysis, the plaintiff argues that he "had no direct knowledge of the forum selection provision." (Pl.'s Mem. Opp'n at 7.)  However, in making that argument the plaintiff relies

2

on paragraph 8 of his affidavit, which reads as follows:

> I generally was familiar with the terms of the Merger Agreement, but I had little direct involvement in the drafting and negotiation of most of its terms due to extensive responsibilities exceeding that agreement. Members of my staff and outside counsel had primary responsibility for the Merger Agreement, involving me only with respect to specific issues in dispute or of particular consequence.

(Pl.'s Mem. Opp'n Ex. 1, at 2.) Thus, although the plaintiff had little direct involvement in the drafting and negotiating of most of the terms of the Merger Agreement, he had some direct involvement in the drafting and negotiating of some of the terms, apparently the most significant issues, and he was generally familiar with the terms of the Merger Agreement. Therefore, the court concludes that the forum selection clause was reasonably communicated to the plaintiff.

As to the second step in the analysis, the language in section 8.5(c) of the Merger Agreement is mandatory, not permissive, in nature.

As to the third step in the analysis, both the claims and the parties involved in this action are subject to the forum selection clause. With respect to the claims, the first two sentences in the forum selection clause make it clear that it is intended to cover provisions of the Merger Agreement, and the claim in this action is directly related to section 5.7(g) of the Merger Agreement.

As to whether the parties are subject to the forum selection clause, "where the alleged conduct of the nonparties is closely related to the contractual relationship, 'a range of transaction participants, parties and non-parties, should benefit from and be subject to forum

3

selection clauses.'" BNY AIS Nominees Ltd. v. Quan, 609 F. Supp. 2d 269, 275 (D. Conn. 2009). "The determination as to whether the closely-related test has been satisfied is one that requires an inquiry that is highly fact-specific." Id. Here the court concludes that the closely-related test is satisfied with respect to the plaintiff, who was not a party to the Merger Agreement, based on three factors, each of which is discussed in BNY AIS Nominees. First, as alleged in paragraph 10 of the complaint, the plaintiff is a third-party beneficiary of the Merger Agreement. See Compl. ¶ 10. Second, "[o]fficers of a corporate signatory can also satisfy the closely-related test." BNY AIS Nominees, 609 F. Supp. 2d at 275. A chief financial officer has been found to satisfy the closely-related test. See id. at 275-76. Here the defendant was the general counsel and that position is comparable to the position of chief financial officer for the purposes of the closely-related test. Third, the principle of mutuality, i.e., whether the plaintiff would be entitled to enforce the forum selection clause against the defendant, is a useful factor is assessing whether the closely-related test is satisfied. Here if the plaintiff were seeking a determination by some group other than the Continuing Company Directors and the defendant brought suit, in a court other than a federal or state court sitting in the state of Delaware, against the plaintiff seeking to enforce the provisions of section 5.7(g) of the Merger Agreement, the plaintiff would be able to enforce the forum selection clause against the defendant.

4

The plaintiff argues that the Merger Agreement makes "Plaintiff a beneficiary of two specific contract sections, but explicitly does not bind Plaintiff to any right, benefit or remedy in any other section -- including Section 8.5." (Pl.'s Mem. Opp'n at 8.)  However, it is not necessary that section 8.5 of the Merger Agreement explicitly bind the plaintiff because the plaintiff is subject to the forum selection clause in section 8.5 under controlling case law pursuant to the closely-related test.

For the reasons discussed above, the forum selection clause is presumptively enforceable.  The plaintiff has failed to rebut the presumption of enforceability by showing that enforcement would be unreasonable or unjust or that the clause is invalid for reasons such as fraud or overreaching.  The plaintiff argues that the forum selection clause should not be enforced because the defendant repudiated and materially breached the Merger Agreement.  However, the court finds this argument unpersuasive because it would allow any party resisting enforcement of a forum selection clause to simply "plead around" the forum selection clause.  <u>KTV Media Intern, Inc. v. Galaxy Grp.</u>, 812 F. Supp. 2d 377, 387 (S.D.N.Y. 2011).

The court has the discretion under 28 U.S.C. § 1406(a) to transfer this case to the District of Delaware.  The court concludes that such a transfer is not appropriate.  The relief sought by the plaintiff is all related to the failure of the Continuing Company Directors to resolve the dispute with respect to post-termination benefits, and the

5

defendant's failure to timely submit the dispute to the Continuing Company Directors. However, after this action was filed, the defendant took the initiative to have the Continuing Company Directors perform their obligations under section 5.7(g) of the Merger Agreement, although it suspended that activity pending the resolution of the instant motion. In addition, the plaintiff filed a statement of claim with the American Arbitration Association based on the arbitration clause in the Employment Agreement. Thus, a transfer would not be in the interest of judicial economy.

The court notes that it has considered the defendant's arguments in support of its position that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and finds them unpersuasive. Thus, those arguments have not been a factor in the court's conclusion that the case should be dismissed as opposed to transferred.

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. No. 11) is hereby GRANTED. The Clerk shall close this case.

It is so ordered.

Dated this 18th day of September 2012, at Hartford, Connecticut.

>                    /s/
>            Alvin W. Thompson
>      United States District Judge